UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS FARMS, LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:18CV00196 AGF |
| v. ) | |
| ) | |
| NATIONAL UNION FIRE INSURANCE ) | |
| COMPANY OF PITTSBURGH, PA, et al., ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Defendants' motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 5. For the reasons set forth below, the motion will be granted.

## BACKGROUND

Plaintiff Thomas Farms is a farming business in southeast Missouri. Defendants are National Union Fire Insurance Company of Pittsburg, PA (National Union), AIG Property Casualty Aerospace Company (AIG), and their agent Jayme Scifres.[1] The facts alleged in Plaintiff's complaint are as follows.

---

[1] Defendants advise that there is no legal entity called AIG Property Casualty Aerospace Company. Plaintiff presumably intended to name National Union's parent company, AIG Property Casualty Inc. Plaintiff did not obtain service of process on AIG or Ms. Scifres, so dismissal of Plaintiff's claims against them would be warranted on that basis under Rule 4(m). In any event, Defendants seek dismissal of all claims as to all Defendants, and the Court grants that relief here.

In July 2017, Defendants' insured, Hall Aviation, sprayed several soybean fields near Plaintiff's farm with an herbicide that is harmful to rice. The chemicals drifted onto Plaintiff's fields, causing a loss of Plaintiff's rice crop. Hall Aviation carries an Aerial Applicator Aircraft Policy issued by Defendant National Union. Generally speaking, the policy insures Hall Aviation for liability for bodily injury and property damage arising out of Hall's ownership, maintenance, or use of its aircraft. Plaintiff is named as an additional insured under that policy pursuant to an Additional Insured Endorsement that states in pertinent part:

> This extension of coverage only applies to vicarious liability of the additional Insured shown above for the conduct of aerial application by the Named Insured.

According to Plaintiff's complaint, Hall Aviation admitted responsibility for the damage to Plaintiff's rice crop and sent a notice of loss to Ms. Scifres. Defendants refused to pay the claim. Plaintiff filed an action in state court asserting one count of vexatious refusal to pay and seeking damages of $334,459.60. Defendants removed the case to this Court on the basis of diversity jurisdiction and filed a motion to dismiss arguing that: (1) Plaintiff failed to assert a breach of contract claim as a predicate to vexatious refusal; (2) Plaintiff is not a first-party insured with coverage for its alleged property damage under the policy; (3) there is no underlying judgment of liability against Hall Aviation as the named insured; and (4) Missouri law does not recognize a vexatious refusal action against an individual insurance agent.

Plaintiff failed to respond to the motion, so this Court issued an order directing Plaintiff to show cause why Defendants' motion should not be granted. ECF No. 11.

Plaintiff then filed a motion for leave to amend its complaint out of time, along with the amended complaint itself adding an additional count for breach of contract. ECF Nos. 14, 16, 16-1. Defendants oppose Plaintiff's motion in that Plaintiff failed to articulate good cause for its untimeliness and, moreover, the amendment would be futile because it does not cure the substantive deficiencies in Plaintiff's complaint. ECF Nos. 15, 17. Plaintiff has not responded to the merits of Defendants' arguments. While the untimeliness of Plaintiff's amendment remains without explanation, the Court need not address it, as Defendants' futility argument is meritorious and dispositive.

## DISCUSSION

**12(b)(6) Standard**

To survive a motion to dismiss for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept the complaint's factual allegations as true and construe them in the plaintiff's favor, but it is not required to accept the legal conclusions the complaint draws from the facts alleged. *Id*. at 678. Dismissal under Rule 12(b)(6) "serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001); *Layton v. Frontline Asset Strategies*, LLC, 4:16CV00454 AGF, 2016 WL 4158904, at *2 (E.D. Mo. Aug. 5, 2016).

**Analysis**

To state a claim for breach of contract under Missouri law, a plaintiff must plead: (1) the existence of a contract between the plaintiff and the defendant; (2) the rights of the plaintiff and obligations of the defendant under the contract; (3) a breach of the contract by the defendant; and (4) damages suffered by the plaintiff. *Gillis v. Principia Corp.*, 832 F.3d 865, 871 (8th Cir. 2016), citing *Lucero v. Curators of Univ. of Mo.*, 400 S.W.3d 1, 5 (Mo. App. W.D. 2013). Thus, Plaintiff must identify the contract and specify the obligations Defendants breached therein. Plaintiff has failed to do so.

As a preliminary matter, Plaintiff refers to an insurance policy issued to Hall Aviation without providing the policy or even relevant excerpts. This alone is problematic. See *Midwest Special Surgery, P.C. v. Anthem Ins. Companies*, 4:09CV646 TIA, 2010 WL 716105, at *6 (E.D. Mo. Feb. 24, 2010) (dismissing breach of contract claim where plaintiff failed to plead the existence of an actual contract between the parties and made only vague allegations as to the terms thereof).

Defendants submit a copy of the policy issued to Hall Aviation and observe that Plaintiff is merely an additional insured under an endorsement to Hall's policy. As previously stated, this coverage for Plaintiff "only applies to vicarious liability of [Plaintiff] for the conduct of aerial application by [Hall.]" In other words, Defendants' obligation to cover Plaintiff's losses applies only when Plaintiff is liable to third parties as a result of Hall's crop-dusting. This is not the case here. Plaintiff's complaint lacks any factual basis for first-party entitlement to property damage coverage by Defendants under Hall's policy.

Alternatively, to the extent that Plaintiff's complaint might be understood to allege a breach of Defendants' first-party obligation to insure Hall's liability under the policy, Plaintiff still has not pleaded sufficient facts entitling Plaintiff to relief. "Tort claimants stand in the shoes of the insured." *State Farm Mut. Auto. Ins. Co. v. Allen*, 744 S.W.2d 782, 786 (Mo. 1988). "They may not sue the insurer directly, but are relegated to garnishment process directed against the insurer when and if they obtain judgment." *Id.* at 785-786. As a tort claimant who has neither a written settlement agreement with nor a judgment against Hall, Plaintiff is not a third-party beneficiary of Defendants' policy covering Hall. *Shelter Mut. Ins. Co. v. Bedell*, 459 S.W.3d 524, 527 (Mo. App. S.D. 2015) (holding that an injured motorist lacked standing to seek declaratory judgment against the other driver's insurer).

Simply put, Plaintiff's contractual right vis-à-vis Defendants is limited to that provided under the Additional Insured Endorsement solely for Plaintiff's vicarious liability to third parties arising from Hall's operations. Plaintiff has not pleaded facts satisfying the elements of a breach of contract claim against Defendants for Plaintiff's own property damage.

Further, and because a claim for vexatious refusal to pay is necessarily predicated on a breach of an insurance policy, Plaintiff's claim for vexatious refusal must also fail. To establish a claim for vexatious refusal to pay, a plaintiff must plead that: (1) it had an insurance policy with the insurer; (2) the insurer refused to pay; and, (3) the insurer's refusal was without reasonable cause or excuse. *Dhyne v. State Farm Fire & Cas. Co.*, 188 S.W. 3d 454, 457 (Mo. 2006). Plaintiff is not a first-party insured here and cannot

establish that Defendants' refusal to pay Plaintiff's property damage was unreasonable, as Defendants were under no contractual obligation to do so.

In sum, even were the Court to grant Plaintiff leave to file its amended complaint, and even accepting as true the facts alleged therein, Plaintiff still fails to present a cognizable claim as a matter of law.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss Plaintiff's complaint is **GRANTED**.  ECF No. 5

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 6th day of February, 2019.